**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| OSWINGN JESUS MENDOZA DURAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:26-cv-02443-TLP-atc |
| v. | ) | |
| | ) | |
| CHRISTOPHER BULLOCK, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Oswingn Jesus Mendoza Duran, a noncitizen detained in the West Tennessee Detention Facility in Mason, Tennessee, petitions for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) The Court ordered Respondent to show cause why the Writ should not be granted. (ECF Nos. 7.) Respondent responded. (ECF No. 9.) Petitioner replied. (ECF No. 12.) And for the reasons below, the Court **GRANTS** the Petition.

**BACKGROUND**

Petitioner, a Venezuelan citizen, entered the United States in October 2023 at El Paso, Texas. (ECF No. 1 at PageID 2.) He has been living in the United States and has no criminal history. (ECF No. 1 at PageID 9; ECF No. 12 at PageID 41.) Petitioner has been gainfully employed and lives with his significant other and young, U.S. citizen son. (ECF No. 1 at PageID 9.)

The Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear ("NTA") on October 13, 2023. (ECF No. 9 at PageID 22.) The NTA charged Petitioner with being an alien "present in the United States who has not been admitted or paroled, or who has

1

arrived in the United States at any time other than as designated by the Attorney General" under the Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i).  (ECF No. 9-1 at PageID 32.) DHS arrested Petitioner on January 16, 2026.  (ECF No. 1 at PageID 9.)  He was stopped at a gas station pumping gas while traveling through Tennessee with his cousin.  (*Id.*)

Petitioner alleges that DHS and the Executive Office of Immigration Review ("EOIR") have not provided him a bond hearing.  (*See generally* ECF No. 1.)  Instead, DHS and EOIR determined that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), a change from the decades-long practice of affording noncitizens in Petitioner's position with bond hearings before their removal proceedings.  (*See id.*)  Petitioner alleges that his detention under § 1225(b) violates the Immigration and Nationality Act and his Fifth Amendment right to due process. (ECF No. 1 at PageID 10–11.)  He asks the Court to grant the Petition and order his immediate release.  (*Id.* at PageID 11.)

## ANALYSIS

On May 11, 2026, a divided Sixth Circuit panel issued its decision in *Lopez-Campos v. Raycraft*, -- F.4th --, No. 25-1965, 2026 WL 1283891 (6th Cir. May 11, 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing.  *Lopez-Campos*, 2026 WL 1283891, at *13.  The majority reasoned that the "text, canons, and past practice" of § 1225 and § 1226 support this conclusion.  *Id.* at *6.  "To hold otherwise would subject long-term law-abiding residents in the United States, such as Petitioners, to the hardship of mandatory detention without due process." *Id.* at *13.

The Court finds that *Lopez-Campos* controls here and **GRANTS** the Petition. Petitioner's detention not only violated procedural due process but deprived him of liberty for almost five months.  He is therefore entitled to immediate release.  *See, e.g.*, *Villafranca Lara v. Ladwig*, No. 26-2079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).").

Attorney Alec Kempster also moves a second time for leave to appear pro hac vice for Petitioner.  (ECF No. 13.)  The deficiency notice for Attorney Kempster's first Pro Hac Vice Motion explicitly notified him that he needs to provide the Court with a certificate of good standing from "a District Court and [] from the highest court of the state [in which the] attorney is licensed to practice."  (ECF No. 11.)  Attorney Kempster still has not provided a certificate of good standing from a district court, despite the requirement of the local rules and the direction provided on the docket.  The Court therefore **DENIES** the Second Motion for Leave to Appear Pro Hac Vice.

## CONCLUSION

For the reasons above, the Court **GRANTS** the Petition and **ORDERS** Respondent to release Petitioner immediately.

**SO ORDERED**, this 26th day of May, 2026.

    s/Thomas L. Parker

THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

3